UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

ACOUSTIC PROCESSING           )
TECHNOLOGY, INC.,             )
                              )
            PLAINTIFF         )
                              )
v.                            )           CIVIL NO. 09-407-P-H
                              )
KDH ELECTRONIC SYSTEMS INC.,  )
                              )
            DEFENDANT         )

### DECISION AND ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES

This patent infringement case was filed on August 31, 2009. Since then, it has been the subject of a defendant's motion to dismiss; an amended complaint by the plaintiff; a motion for preliminary injunction by the plaintiff; a motion by the defendant to dismiss the amended complaint; a motion by the defendant to enforce settlement agreement; two telephone hearings before the magistrate judge; an evidentiary hearing before me; a lengthy written decision by me on the preliminary injunction, dismissal, and settlement enforcement motions; a scheduling order by the magistrate judge; an answer filed by the defendant—then for the first time on June 4, 2010, a request to introduce a *new* affirmative defense, reflected in both a motion to file amended answer and a motion for partial summary judgment.

The new affirmative defense is that any infringement was pursuant to a government contract and that therefore under 28 U.S.C. § 1498(a), the

plaintiff's only remedy is against the government and must be sought in the Court of Federal Claims. See Def.'s Am. Answer to Pl.'s Am. Compl. ¶¶ 95-98 (attached to Def.'s Mot. for Leave to File Am. Answer & Affirmative Defenses (Docket Item 51)) (Docket Item 51-1).[1] The plaintiff opposes my allowing assertion of the new affirmative defense at this stage, arguing that it creates unfair prejudice. Pl.'s Resp. in Opp'n to Def.'s Mot. for Leave to File Am. Answer & Affirmative Defenses at 9-12 (Docket Item 54). The defendant denies any unfair prejudice. Def.'s Reply to Pl.'s Opp'n at 3-4 (Docket Item 55). Acoustic Processing Technology Inc. ("APT") is the plaintiff. KDH Electronic Systems Inc ("KDH") is the defendant.

I find certain of KDH's statements discounting prejudice to be very disingenuous. For example, it states:

> The early pretrial stage of this litigation mitigates against any prejudice to APT. KDH now specifically raises the section 1498(a) defense with several months left before the close of discovery in August, 2010. Indeed, the parties have not yet even served discovery requests upon one another. In short, APT will have the opportunity fully to explore KDH's section 1498(a) defense in discovery at least six months prior to the anticipated trial date in early January, 2011.

Def.'s Mem. in Support of Mot. for Leave to File Am. Answer & Affirmative Defenses at 5-6 (Docket Item 51). It repeats the point later: "Discovery has not been served and is still open for several months, and APT can fully explore

---

[1] The defendant in fact seeks to add four defenses based on 28 U.S.C. § 1498(a): limitation of damages to damages against the government, lack of subject matter jurisdiction, failure to join the government as necessary party, and improper venue. See Def.'s Am. Answer to Pl.'s Am. Compl. ¶¶ 95-98 (attached to Def.'s Mot. for Leave to File Am. Answer & Affirmative Defenses (Docket Item 51)) (Docket Item 51-1).

KDH's section 1498(a) defense in that time period." Id. at 7-8. Yet while offering this palliative, KDH *simultaneously* filed a motion for partial summary judgment with 512 pages of exhibits seeking to terminate APT's case based upon the new affirmative defense, even before I had granted KDH's motion to add the new defense. See Def.'s Mot. for Partial Summ. J. (Docket Item 50). If I allow the assertion of the new affirmative defense, an immediate motion for partial summary judgment hardly allows APT "the opportunity fully to explore . . . [the] defense in discovery."

In another disingenuous argument, KDH suggests that it was *wording in my decision* on the previous motions that made amendment of its Answer necessary now. Def.'s Mem. at 6. (In that decision assessing whether a preliminary injunction should issue, I had "no difficulty concluding that APT is likely to prove that KDH materially breached the Agreement, that APT effectively terminated the license with its July 30, 2009 notice, and that KDH's later attempt to renew the license was therefore ineffective." Acoustic Processing Tech., Inc. v. KDH Elec. Sys. Inc., 2010 U.S. Dist. LEXIS 26132, at *21 (D. Me. Mar. 19, 2010).) According to KDH, "By declaring it likely that the License Agreement was terminated, the Court's Memorandum Decision altered the legal landscape of the case and made the alternative defense of government contractor immunity applicable." Def.'s Mem. at 6-7. It adds that the defense only "became ripe" when I made the statement about likely license termination in the previous Order and that "Fairness Dictates that KDH is Now Permitted to

3

Assert a Newly-ripe Affirmative Defense that is Case Determinative." Id. at 7.[2] Apparently I am to conclude that KDH's lawyers have never heard of the necessity of pleading in the alternative.[3] Obviously, if the facts of this case support the new affirmative defense, it should have been raised at the outset.

If any recovery lies against only the government and only in a different court, then I and court staff have wasted many hours of effort in ruling on all the previous motions, conducting an evidentiary hearing on a preliminary injunction, and issuing a lengthy written decision. All of that was unnecessary if the matter should be proceeding in the Court of Federal Claims. More importantly, APT has spent substantial amounts of attorney fees and expenses in pursuing those issues and has been put to substantial delay—all pointless if all along APT should have been negotiating with the federal government and seeking relief in a different court. As KDH recognizes, this government contractor defense is not a jurisdictional argument, but an affirmative defense. Def.'s Mem. at 4 n.1. Affirmative defenses can be waived. See Jones & Jones v. Pineda & Pineda, 22 F.3d 391, 400 (1st Cir. 1994). So even if APT should

---

[2] As APT observes, my statement was not a ruling. See Pl.'s Resp. in Opp'n to Def.'s Mot. for Leave to File Am. Answer & Affirmative Defenses at 7 (Docket Item 54). I actually denied APT a preliminary injunction, finding that it could not show irreparable harm. See Acoustic Processing Tech., Inc. v. KDH Elec. Sys. Inc., 2010 U.S. Dist. LEXIS 26132, at*35-36 (D. Me. Mar. 19, 2010). In the course of examining the four-factor test for a preliminary injunction, I made the statement in question, but it is not a final ruling on the topic of license termination. The statement changed nothing in the case, except that it provided the lawyers an insight into how the judge assesses the license termination dispute based upon the evidence presented at the evidentiary hearing.

[3] The changed-landscape argument is so specious that it is troubling in its lack of candor to the court. I see only two possible explanations for the late addition of the affirmative defense. Either KDH's lawyers were unaware of 28 U.S.C. § 1498(a) until recently. If so, they should just have admitted their previous ignorance. Or KDH's lawyers knew of the defense, but were saving it for strategic reasons.

have known of the defense's availability given KDH's contact with government agencies,[4] it was reasonable for it to proceed on the premise that KDH had decided to waive the defense. In short I am satisfied that there has been prejudice to APT.

But KDH is correct that it filed its motion to amend on June 4, 2010, after filing its Answer on April 8, 2010, and that the court's Scheduling Order sets June 7, 2010, as the deadline for amending pleadings. Def.'s Mem. at 8. Rule 15 states that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). From all that I can see in the filings and based upon the testimony that I heard at the preliminary injunction hearing, KDH may have a valid defense under § 1498(a); certainly in opposing the motion APT has nowhere suggested that the amendment would be frivolous (in my experience the most frequent basis for a party opposing a motion to amend). Moreover, the statutory provision seems to reflect a congressional policy of allowing government (here, military) use of patents to go forward without injunctive-type interference, albeit providing for damages and attorney fees in the Court of Federal Claims. See <u>Advanced Software Design Corp. v. FRB of St. Louis</u>, 583 F.3d 1371, 1375 (Fed. Cir. 2009) ("The intention and purpose of Congress . . . was to stimulate contractors to furnish what was

---

[4] As early as November 2009, APT was worried about the possibility that KDH was sharing technology with the government. <u>See</u> Decl. of Steven Sidman ¶¶ 128-129, 141 (Ex. 1 to Pl.'s Mot. for Prelim. Inj. (Docket Item 13)) (Docket Item 13-1). On February 22, 2010, during the preliminary injunction hearing, APT learned directly from David Herbener, KDH's president, that KDH had obtained a government contract on August 27, 2009. <u>See</u> Prelim. Inj. Hr'g Tr. 193:8-10, Feb. 22, 2010 (Docket Item 49).

5

needed for the war, without fear of becoming liable themselves for infringements." (citation omitted)). And while I have found that there is prejudice to APT in the sense that it has wasted much by way of attorney fees and expenses and almost a year's time, there is only modest prejudice in the future travel of the case, for there is plenty of time for discovery and preparation to resist the defense (if that is the appropriate response) or to shift its efforts to the federal government and the Court of Federal Claims.

I conclude that the standard of "when justice so requires" is best served by permitting the late amendment, but conditioned upon KDH paying APT's reasonable fees and expenses in the motion practice over the preliminary injunction, enforcement of settlement agreement, and dismissal. See 6 Wright, Miller & Kane, Federal Practice & Procedure § 1486, at 694-95 (3d ed. 2010). That allows KDH to assert the defense and recognizes the congressional policy, but recompenses APT for the prejudice it has suffered by KDH's unexplained and unjustified delay in asserting it.

Accordingly, I set the following schedule:

1. By July 29, 2010, KDH shall either commit to paying APT's reasonable attorney fees and expenses as I have defined them above, or withdraw its motion to amend answer and its motion for partial summary judgment. If it fails to do either, I will deny the motion to amend.

2. If KDH proceeds by committing to pay the fees, I will then grant the motion to amend.

3. APT shall file by affidavit a statement of its reasonable attorney fees and expenses no later than two weeks after my Order granting the motion to amend.

4. KDH shall file any objection to the reasonableness of the requested fees and expenses no later than two weeks after APT's filing.

5. Action on KDH's motion for partial summary judgment remains stayed until the close of discovery. Unless there is an earlier agreement by the parties or Order by the court, the time for responding to the motion shall run from the date when dispositive motions are due under the Court's Scheduling Order.

**SO ORDERED.**

**DATED THIS 15TH DAY OF JULY, 2010**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**